IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

v.                         **CASE NO. 4:15-CR-00268-BSM**

**JAMIE OLATREECE CLAYTON**                                         **DEFENDANT**

### ORDER

Jamie Clayton's motion to vacate, set aside, or correct sentence under 28 U.S.C. section 2255 [Doc. No. 54] is denied.

Clayton argues that his conviction must be vacated because the government did not prove in its indictment that he knew he was a convicted felon. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). This requirement, however, does not apply retroactively to cases on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Khamisis-El v. United States*, No. 19-5584, 2020 WL 398520 (6th Cir. Jan. 23, 2020). Furthermore, Clayton's guilty plea waived any challenges to the indictment that are not jurisdictional. *See United States v. Todd*, 521 F.3d 891, 895 (8th Cir. 2008) ("A guilty plea waives all defects except those that are jurisdictional" and a defective indictment is not a jurisdictional issue.) (internal quotations omitted).

Clayton has also procedurally defaulted on challenging whether his plea was knowing and voluntary because he did not raise this issue on direct appeal. *See Dejan v. U.S.*, 208 F.3d 682, 685 (8th Cir. 2000) (well-settled that defendant cannot collaterally attack validity of guilty plea if issue not raised on direct appeal); *Bousley v. U.S.*, 523 U.S. 614, 621–622 (1998) (only

1

way to avoid procedural default is to show cause and prejudice or actual innocence). Clayton has not alleged, nor can he establish, either prejudice or actual innocence. He does not assert that he would have gone to trial, rather than plead, had he known about this requirement, and he admitted he had prior felony convictions when he pled guilty.

IT IS SO ORDERED this 23rd day of March, 2020.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE